# Red Star Coal Co. *v.* Graves.

*Assumpsit.*

(Decided Nov. 16, 1911, 56 South. 596.)

1. *Contract; Validity; Certainty.*—Where the defendant owned several hundred acres of land around the old workings, and no specific acreage was set apart to plaintiff under the contract and he was never actually put in possession of any part thereof, a contract that plaintiff was to mine coal at No. 2 Mine of No. 1 division of defendant's mine, No. 2 Mine, including seven to ten acres to the right of No. 1 old workings, was void for uncertainty.

2. *Same; Essentials; Certainty.*—The test of the sufficiency of a contract describing lands is whether specific performance can be had according to its terms.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Assumpsit against the Red Star Coal Co. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant. The contract was void for uncertainty, no recovery could be had in this action.—*Lambie v. Sloss Iron & Steel Co.*, 118 Ala. 427.

L. D. GRAY, for appellee. No brief came to the Reporter.

DE GRAFFENRIED, J.—This suit was brought by the appellee against the appellant for damages for the breach of two alleged contracts. In the first count the alleged contract relied upon was as follows: "Contract. Memoranda and agreement entered into this the 15th day of August, 1905, between H. H. Graves and the Red Star Coal Company, whereby the said H. H.

21 CA

Graves is to mine coal in No. 2 mine of No. 1 division of Red Star Coal Company under the following terms and conditions. This No. 2 mine includes seven to ten acres lying to the right of No. 1 old workings. The said H. H. Graves agrees to mine all coal, drive all entries, furnish all labor for this purpose, and deliver such coal mined to the tipple. The Red Star Coal Company agrees to furnish, for the purpose of mining this coal, all mules needed to pull this coal to tipple, all necessary timbers for protection of roof, and putting in track, such as props ties, capboards, etc., all rails and switches, lumber for doors and battices, and pump and necessary pipe, and, when water gets so that hand pump will not handle, will furnish steam pump, and agrees to pay said H. H. Graves eighty cents per ton for this coal. It is also agreed that one entry shall be driven nearly parallel to No. 1 slope, and that, should this entry go into coal as thick as six feet, the company agrees to pay one dollar and seventy-five cents per yard for this entry, and sixty-five cents per ton for all coal from this entry and all rooms of six feet, height or thickness. Red Star Coal Company. G. J. Grant. H. H. Graves."

It appears from the evidence that appellant owned about 350 acres of land, comprising what is known as the Red Star Mine, and "to the right of No. 1 old workings" there were considerably more than 10 acres of land. The appellee testified as follows: "I never had any of it staked off for me. I did not know where the lines run. I knew the directions well enough to work. I could not say that the land I was to work was staked off, but it was described in the contract. It was described in the contract as 'lying to the right of No. 1 slope.'"

1. It will be seen from the above that no specific seven or ten acres of land was set apart to the appellee

under the contract, and, while he appears from the evidence to have worked for a period under the contract "to the right of No. 1 old workings," he was not actually placed in possession, so far as the evidence discloses, by the appellant, of any specific tract of land as the land covered by the contract. It is manifest that the above contract was void, because of the uncertainty in the description of the land from which appellee contracted to extract the coal.

The test of an instrument's sufficiency in description is whether specific performance can be made according to the terms of the deed or contract. As the seven or ten acres were included in a much larger tract, and as no specific land was ever staked off under the contract, the question becomes pertinent in this case as to how many different forms this ten acres could be surveyed in such a way that it would reasonably conform to the words describing the land in the above instrument, and which one of such surveys would a court have the right to choose as the one meant by the contract. It seems to us that the instrument is so clearly void, on account of the manner in which the land which it covers is described in it, that further discussion of the subject is unnecessary.—*South Penn. Oil Co. v. Calk Creek Oil & Gas Co.* (C. C.) 140 Fed. 507.

2. If the contract which was made the basis of the first count was void on account of the uncertainty of the description of the lands which it was intended to cover, the contract which formed the basis of the second count was void for the identical reasons. If the appellee has any legal rights against appellant under the facts as he claims them to exist, his remedy does not consist in an action of assumpsit for the breach of either of the alleged contracts referred to in his complaint.

For the above reasons, the court should have given to the jury, at the written request of the appellant, the affirmative charge in its behalf.

Reversed and remanded.